IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD D. WATERS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-2195-LPS |
| KOLAWOLE AKINBAYO, et al., | : |
| Defendants. | : |

Reginald D. Waters, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 30, 2020
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Reginald D. Waters ("Plaintiff"), a former inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, commenced this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) He is now housed at the James T. Vaughn Correctional Center in Smyrna, Delaware. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) On January 3, 2020, he filed a request to file an addendum, construed as a motion to amend the complaint. (D.I 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff, who signed his Complaint on November 1, 2019, states that when he commenced this action he had been incarcerated at HYRCI for approximately 43 months. (D.I. 2 at 5, 10) At the time he was a convicted, but unsentenced inmate. (*Id.* at 2) Plaintiff was sentenced in mid-November 2019. *See* https://www.delawareonline.com/story/news/crime/2019/11/15/lengthy-sentence-given-dover-man-2016-ogletown-murder/2531930001/.

Plaintiff raises several claims. He alleges denial of access to the courts because the HYRCI administration does not allow unsentenced/pretrial inmates to physically visit the law library, but instead requires unsentenced or pretrial inmates to submit a form requesting certain materials from the law library. (*Id.* at 5) Plaintiff alleges that he was denied access to religious services due to a new administration rule that does not allow unsentenced/pretrial inmates to attend any religious services. (*Id.* at 6) Plaintiff alleges that inmates are prohibited from having any type of religious services or

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

meeting on the tier. (*Id.*) Plaintiff also alleges his religious books and Bible were confiscated in retaliation for grievances he submitted. (*Id.*)

Plaintiff alleges at HRYCI he was housed three men to a cell in a cell designed for one man and that every other day he was forced to eat three meals in a cell with a toilet and the other days he was forced to eat two meals in the cell with a toilet. (*Id.* at 6) He complaints that he was limited to two toilet flushes every five minutes. (*Id.* at 7) Plaintiff alleges that he was forced to store his commissary food and other belongings on the floor, allowing vermin and insects to get into them. (*Id.*) He alleges that the ventilation is clogged. (*Id.*) He complains that he was locked in his cell for approximately 20 ½ hours per day with little to no outside recreation access and, when he was allowed out, he was not provided with a jacket. (*Id.*) Plaintiff complains there were only two showers on the tier and one of those flooded. (*Id.*) He also alleges that he was not provided with bleach or adequate cleaning supplies. (*Id.*)

Plaintiff alleges that Global Tel Link ("GTL")[2] has a contract with HRYCI to provide the prison with a telephone system and that all inmate telephone calls are recorded, including calls to attorney offices. (*Id.*) Plaintiff complains that he did not sign a release agreeing to having his calls recorded and there was no system in place for him to arrange phone calls that were not recorded. (*Id.*) In addition, he alleges that there was no sign or memo on the tier informing inmates that all calls are recorded. (*Id.*) Plaintiff alleges that the records were used against him at trial and gave the State notice of his potential trial strategies. (*Id.*)

Plaintiff seeks injunctive relief and explains that he strongly believes he was found guilty because he did not have adequate law library access, he was deprived of his right to self-

---

[2] Plaintiff named defendants "Unknown Agents GTL", and did not name GTL as a defendant.

2

representation in his criminal case, and because the recorded inmate calls were used against him during his criminal trial. (*Id.* at 8)

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted

3

pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his Complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

4

## IV. DISCUSSION

### A. Prayer for Relief

The Court first addresses whether Plaintiff's prayer for relief is moot. *See Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003) (explaining issue of mootness may be addressed *sua sponte* as it affects court's Article III jurisdiction). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Plaintiff seeks only injunctive relief. The events giving rise to this lawsuit occurred when Plaintiff was a convicted, unsentenced inmate confined at HRYCI. It appears that he was transferred to JTVCC within a very short time after the imposition of his sentence. His claim for injunctive relief rests upon his classification as a convicted, unsentenced inmate. He no longer has that status and, according to news reports, Plaintiff was sentenced to 75 years in prison.

An inmate's transfer from the facility complained of generally moots a claim for injunctive, equitable, and declaratory relief. *See Cobb v. Yost*, 342 F. App'x 858, 859 (3d Cir. 2009); *see also Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003). "The exception from the mootness doctrine for cases that are technically moot but 'capable of repetition, yet evading review' is narrow and available 'only in exceptional circumstances.'" *Rendell v. Rumsfeld*, 484 F.3d 236, 241 (3d Cir. 2007) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). The exception only applies when "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975); *see also Williams v. Secretary Pennsylvania Dep't of Corr.*, 447 F. App'x 399, 404 (3d Cir. 2011).

5

The exception does not apply here. There is not a reasonable expectation that Plaintiff will be subject to the same action again. He is no longer a convicted, unsentenced inmate. Rather he is a convicted, sentenced inmate serving a very long sentence. It is highly unlikely that he will return to the status of a convicted, unsentenced inmate at any time in the near future. In addition, he is now housed at a different correctional facility.

Accordingly, Plaintiff's request for injunctive relief is moot by virtue of his change in status from a convicted, unsentenced inmate to a convicted, sentenced inmate and his transfer from HRYCI to JTVCC.

### B.     Deficient Pleading

In addition, the Complaint is deficiently pled. Plaintiff alleges that he was held at HRYCI for approximately 43 months, but does not provide any specific time frame. In addition, there are no allegations directed towards any named defendant. While the Complaint describes acts that could potentially have violated Plaintiff's constitutional rights, the Complaint speaks in generalities and does not refer to a specific defendant. For example, the complaint alleges that "the administration" created a rule but does not name the person or persons who actually created the rule. (*See* D.I. 2 at 5) Also, there is no mention of Defendants "Unknown State of Delaware Agents." Moreover, it appears that Warden Kolawole Akinbayo is named as a defendant based upon his supervisory position. It is well-established that there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). Finally, it is far from clear that Defendant "Unknown Agents Global Tel Link" is a state actor, which is a required element to state a claim under § 1983.

The pleading is inadequate because it fails to allege facts that give rise to a plausible claim for relief. *See Hudson v. City of McKeesport*, 244 F. App'x 519, 522 (3d Cir. 2007). The Court is left to guess when, how, or what type of actions or inactions may have been taken by Defendants. Without

6

such factual allegations, it is impossible to determine whether the foregoing Defendants deprived Plaintiff of any constitutional rights. *See Iqbal*, 556 U.S. at 679.

Therefore, the Complaint will be dismissed for failure to state claims upon which relief may be granted. The Court will give Plaintiff leave to file an amended complaint and, therefore, will deny as moot his motion to amend. (D.I. 5)

## V.  CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's motion for leave to amend (D.I. 5) and (2) dismiss the complaint for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to amend.

An appropriate Order will be entered.

7